[No. B228009. Second Dist., Div. Six. Oct. 3, 2011.]

FRANCO DeCICCO et al., Plaintiffs and Appellants, v.
CALIFORNIA COASTAL COMMISSION, Defendant and Respondent.

COUNSEL

Pacific Legal Foundation, Paul J. Beard II, Damien M. Schiff and Luke A. Wake for Plaintiffs and Appellants.

Kamala D. Harris, Attorney General, John A. Saurenman, Assistant Attorney General, Christina Bull Arndt and Wyatt E. Sloan-Tribe, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**GILBERT, P. J.**—A county's approval of a "principal permitted use" development within a coastal zone is not appealable to the California Coastal Commission. But when the development project also requires approval of a subdivision, the California Coastal Commission has appellate jurisdiction.

This case arises under the California Coastal Act of 1976 (Pub. Resources Code, § 30000 et seq.).[1] Appellants filed a writ of mandate challenging the California Coastal Commission's (Commission) appellate jurisdiction over their coastal development project. The Commission demurred on the ground appellants failed to allege exhaustion of administrative remedies. The trial court sustained the demurrer without leave to amend. We need not decide whether appellants must exhaust administrative remedies prior to challenging the Commission's jurisdiction. The Commission has jurisdiction. We affirm.

## FACTS

Franco and Sonia DeCicco own four contiguous lots in Cayucos in San Luis Obispo County (County). Their land is in the coastal zone. They applied to the County for a permit that would allow them to subdivide their parcels into five parcels and construct four townhouses and a motel.

Under the local coastal plan (LCP), the principal permitted uses for the DeCicco property are residential multifamily and commercial retail. The townhouses qualify as residential multifamily and the motel qualifies as commercial retail. The County approved the DeCiccos' permit application and sent notice of the approval to the Commission. The notice asserted the

---

[1] All statutory references are to the Public Resources Code unless otherwise stated.

permit is not appealable to the Commission because the project conforms to the LCP's principal permitted uses for the property.

The Commission's staff disputed the County's conclusion that the perit is not appealable. The County affirmed its position. This triggered the dispute resolution provisions of the Commission's regulations whereby the Commission itself would decide its jurisdiction. (Cal. Code of Regs., tit. 14, § 13569, subd. (b).)

The Commission determined that although the project involved principal permitted uses, it also required approval for a subdivision. The Commission decided that subdivision approval conferred appellate jurisdiction on it under section 30603, subdivision (a)(4).

A local citizen's group filed an appeal of the DeCiccos' project. At a public hearing, the Commission determined that the appeal raised a substantial issue.

The DeCiccos filed a petition for writ of mandate challenging the Commission's jurisdiction. The Commission demurred to the petition on the ground that the DeCiccos failed to allege they exhausted administrative remedies. The trial court sustained the demurrer without leave to amend.

## DISCUSSION

### I.

■ Local governments lying within the coastal zone must prepare an LCP for their area. (§ 30500, subd. (a).) The Commission reviews the LCP and if it conforms to the Coastal Act, certifies it. (§§ 30512, 30513.) Once the Commission certifies the LCP, the local government administers the program and reviews applications for local development permits. (§ 30519.) Local government action on a coastal development permit may be appealed to the Commission under a variety of circumstances. (§ 30603.) Unless the Commission determines the appeal presents no substantial issues, it must hear the appeal. (§ 30625, subd. (b)(2).) On appeal, the Commission considers the project de novo at a public hearing. (§ 30621.) After the Commission has taken final action, any aggrieved party may petition for a writ of mandate. (§ 30801; Code Civ. Proc., § 1094.5.) Ordinarily courts lack jurisdiction to consider a petition for writ of mandate until the petitioner has exhausted administrative remedies. (See *Walter H. Leimert Co. v. California Coastal Com.* (1983) 149 Cal.App.3d 222, 232 [196 Cal.Rptr. 739].)

## II.

Section 30603, subdivision (a)(4) provides in part: "(a) After certification of its local coastal program, an action taken by a local government on a coastal development permit application may be appealed to the commission for only the following types of developments: [¶] . . . [¶] (4) Any development approved by a coastal county that is not designated as the principal permitted use . . . ."

If all the DeCiccos needed for their project was a permit to construct a principal permitted use, we would agree the permit would not be appealable. But the DeCiccos' project requires more than a permit to construct a principal permitted use; it also needs subdivision approval.

The DeCiccos argue that a subdivision is not a land use. They interpret section 30603, subdivision (a)(4) as conferring appellate jurisdiction on the Commission only over a development that constitutes a use of land but which is not a principally permitted use.

But that is not what section 30603, subdivision (a)(4) says. Section 30603, subdivision (a)(4) gives the Commission appellate jurisdiction over any "development" that is not a principal permitted use. Although a subdivision may not be a use of land, it is quite clearly a "development" within the meaning of the Coastal Act. Section 30106 expressly defines "development" to include "subdivision."[2] The DeCiccos point to no language in section 30603, subdivision (a)(4) that exempts their subdivision of land from the Commission's appellate jurisdiction.

The Commission's appellate review of a subdivision does not presage a potpourri of absurd results as appellants predict. We have not encountered any since the Commission's inception. The Commission points out that a subdivision may provide for a higher density than encompassed by a permitted use. This is a rational basis for its appellate jurisdiction.

---

[2] Section 30106 states in part: " 'Development' means . . . change in the density or intensity of use of land, including, but not limited to, *subdivision* . . . and any other division of land, including lot splits . . . ." (Italics added.)

The judgment is affirmed. Costs are awarded to the Commission.

Yegan, J., and Coffee, J., concurred.